**Vernon BAHM, Plaintiff and Appellee,**

v.

**Reuben EISENBARTH, Defendant and Appellant.**

**Civ. No. 10489.**

Supreme Court of North Dakota.

Oct. 31, 1983.

Rosenberg, Evans, Moench & Baird, Bismarck, for plaintiff and appellee; argued by Dale W. Moench, Bismarck.

Calvin Hoovestol, Bismarck, for defendant and appellant; argued by Calvin Hoovestol, Bismarck.

PEDERSON, Justice.

Claiming that he had sold Eisenbarth $882 worth of hay and had not been paid, Bahm proceeded with an action in small claims court (Ch. 27–08.1, NDCC). Eisenbarth elected to remove the action to county court and, in his answer and counterclaim, admitted the purchase but alleged that the quality of the hay was intentionally and mailiciously misrepresented. Eisenbarth asked for $1,500 exemplary damages, plus storage and shipping costs.

Trial was to the court without a jury, after which findings of fact, conclusions of law and order for judgment were made by the court (Rule 52(a), NDRCivP). There were special findings that some of the hay was "bad"; that the quality of the hay was "average"; and that there was no intentional or malicious misrepresentation of the quality. By separate conclusions of law the court determined that Bahm was entitled to recover the sum of $786, plus statutory costs, and that Eisenbarth's counterclaim should be dismissed with prejudice.

■ There is no transcript of the testimony received at the trial, and the alternatives provided by Rule 10(f) or (g), NDRAppP have not been followed. We must accordingly accept the findings of fact as correct.

■ Eisenbarth appeals and argues (if we understand correctly) that, as a matter of law, he had a right to reject the hay; he did seasonably reject it; he had a right to revoke his acceptance of the hay; he did seasonably revoke his acceptance; and that he had no obligation to return the rightfully rejected hay. These rights, he asserts, are available to him under §§ 41–02–65, 41–02–71, and 41–02–65(2)(c), NDCC, the Uniform Commercial Code.

There were no findings of fact made that would provide the required support for conclusions compatible with Eisenbarth's assertions. It would have been error had the trial court made conclusions of law not justified by the findings of fact.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, SAND and H.F. GIERKE III, JJ., concur.